IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ADAMS,

    Plaintiff,                                 No. CIV S-04-2474 MCE GGH P

    vs.

TERESA SCHWARTZ, et al.,         ORDER &

    Defendant.                   FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before this court is defendant Brida's June 2, 2005 motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. 12(b)(6), to which plaintiff filed opposition, after which a reply was filed.[1]

        This action proceeds on the original complaint, filed on November 19, 2004, against defendant Correctional Officer (C/O) Brida, employed at California Medical Facility

\\\\\

---

[1] Plaintiff, thereafter, purported to file a reply to defendant's reply, a filing that is not contemplated by the Federal Rules of Civil Procedure or within the Local Rules; in adjudicating the pending motion, the court does not consider this document.

1

CMF-Vacaville.[2] On or about April 14, 2004, after plaintiff had showered and was leaving the shower, porters were mopping the floor, which was wet and slippery. Form Complaint, p. 11. As defendant Brida walked plaintiff to his dorm for lock-up, plaintiff slipped on the wet floor, cracking his tailbone and injuring his back, kidneys, neck and head. Id. No caution signs were displayed warning that the floor was wet; such caution signs are mandatory throughout the institution, whenever the porters are mopping. Id.

Defendant C/O Brida is responsible for making sure that the porters put these caution signs out when mopping. Id. Included as an exhibit to plaintiff's complaint is a director's level appeal decision, dated October 28, 2004, stating, inter alia, that a Dr. J. Shellcroft had examined plaintiff on April 20, 2004, and "diagnosed his injuries as an acute fracture and separation of the coccygeal joint, as well as severe arthritis of the spine." Plaintiff seeks money damages for his pain and continued suffering resulting from defendant Brida's failure to enforce the rules regarding caution signs. Form Complaint, p. 11.

Motion to Dismiss

*Legal Standard*

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

---

[2] By order filed on May 9, 2005, the only other defendant named in this action, Warden Teresa Schwartz, was dismissed from this case.

1  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256; 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S.555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Furthermore, the court is not required to accept as true allegations that contradict facts which may be judicially noticed. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

\\\\\

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*Argument*

Defendant, who seeks dismissal with prejudice, contends that, at most, defendant was negligent and that the actions (or omissions) alleged do not rise to the requisite level to constitute an Eighth Amendment violation. Motion to Dismiss (MTD), pp. 4-6. Alternatively, defendant argues that he is entitled to qualified immunity. Id., p. 6.

Plaintiff, in opposition, states that there are at least three stories at CMF-Vacaville, each floor having hallways and wings, housing thousands of inmates. Opp., p. 2. Porters work and mop continually throughout the day from the first to the second floor; wet floor caution signs are posted in the hallways. Id. Where plaintiff is housed, on the second floor inside wing dorm 1, porters refuse to put wet floor caution signs out when mopping in the wing. Id.

Defendant Brida was the assigned wing officer responsible for instructing the porters to place the wet floor caution signs when mopping. Opp., p. 2. Plaintiff cites CAL. CODE REGS. tit.xv, §§ 3303(5)[3] and 3041(c),[4] stating that defendant Brida's failure to enforce prison regulations led to his painful injuries for which he is still receiving therapy to attempt to alleviate his pain. Opp., pp. 2-3. Plaintiff's opposition exhibits include a series of therapeutic exercises, and medical chronos, including the April 20, 2004 medical chrono signed by Dr. J. Shellcroft, indicating the injuries set forth earlier. The exhibits show that plaintiff has received a cane for walking and donut on which to sit. Plaintiff attempts to introduce as evidence declarations from

---

[3] "A facility's mutual aid participation shall not jeopardize the facility or violate minimum standards of safety."

[4] "Inmates must perform their work and program assignments in a safe manner, using safety equipment as instructed by their assignment supervisor."

4

various inmates attesting to having witnessed plaintiff falling on a wet floor after leaving the shower.

As defendant notes in his reply with regard to the declarations, they have no evidentiary value or relevance on this motion to dismiss.[5]  Reply, p. 2.  Defendant avers that these fact witnesses do not elevate plaintiff's cause of action to the level of an Eighth Amendment violation.  Id.

*Discussion*

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994).  When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Johnson, supra, at 731.

Prisoners alleging Eighth Amendment violations based on unsafe conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm.  Farmer v. Brennan, 511 U.S. at 833, 114 S. Ct. at 1977.  "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S. Ct. at 1977.  The prisoner must also demonstrate that the defendant had a "sufficiently culpable state of mind." Id.  This standard requires that the official be subjectively aware of the risk; it is not enough that the official objectively should have recognized the danger but failed to do so.  Id. at 838, 114 S. Ct. at 1979.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. at

---

[5] The undersigned notes that the witness declarations are unnecessary because on this motion to dismiss, plaintiff's allegations are accepted as true.  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. at 740, 96 S. Ct. at 1850.

837, 114 S. Ct. at 1979.  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not...." does not rise to the level of constitutionally deficient conduct.  Id. at 838, 114 S. Ct. at 1979.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at 1981.  However, obviousness per se will not impart knowledge as a matter of law.

"[D]eliberate indifference entails something more than mere negligence...[but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), quoting Farmer, supra, 511 U.S. at 835, 114 S. Ct. 1970.  Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to that inmate's health or safety.  Farmer, 511 U.S. at 837-838, 114 S. Ct. at 1979-80.

In Osolinski v. Kane, 92 F.3d 934 (9th Cir. 1996) a prisoner brought a § 1983 action claiming that the failure of prison officials to repair an oven, the door of which fell off and burned his arm, violated the Eighth Amendment.  In Osolinski, the Ninth Circuit found that it was not clearly established that a single defective device, without any other conditions contributing to the threat of an inmates' safety, created an objectively insufficiently inhumane condition sufficient to be violative of the Eighth Amendment.  92 F.3d at 938.  In reaching this finding, the Ninth Circuit noted the following several cases which held that minor safety hazards did not violate the Eighth Amendment.  Id.  In Tunstall v. Rowe, 478 F. Supp. 87, 89 (N.D.Ill. 1979), the existence of a greasy staircase which caused a prisoner to slip and fall and injure his back did not state a constitutional claim under the Eighth Amendment because prison officials are not under a constitutional duty to assure that prison stairs are not greasy.  In Snyder v. Blankenship, 473 F. Supp. 1208, 1212 (W.D.Va. 1979), the failure to repair a leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped, injuring his back, did not violate the Eighth Amendment as "a slip and fall injury is not comparable to a prison-related

1  injury, such as harm caused by the assault of fellow inmates, for example." In Robinson v.
2  Cuyler, 511 F. Supp. 161, 163 (E.D.Pa. 1981), the court found that where a prisoner slipped on a
3  wet floor and was burned by the contents of an overturned pot did not state an Eighth
4  Amendment violation as "[a] slippery kitchen floor does not inflict 'cruel and unusual
5  punishments.'"

6       Furthermore, the Ninth Circuit has stated flatly that slippery prison floors do not
7  set forth a constitutional violation. Jackson v. State of Ariz., 885 F.2d 639, 641 (9th Cir.
8  1989)(superseded on another ground) (inmate's complaint about slippery prison floors does not
9  state even an arguable Eighth Amendment violation), citing, Rhodes v. Chapman, 452 U.S. 337,
10  349, 101 S. Ct. 2392, 2400 (1981) ("the Constitution does not mandate comfortable prisons....").

11       On the other hand, the Ninth Circuit has also found that slippery floors without
12  protective measures could constitute a condition of deliberate indifference. Frost v. Agnos, 152
13  F.3d 1124, 1129 (9th Cir. 1998), citing LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)
14  (inmates entitled to protection from unsafe prison conditions).  In Frost, the inmate was disabled
15  and on crutches, had fallen and injured himself several times on slippery floors and prison guards
16  were aware of this. Id.  These circumstances made that case distinguishable from those of
17  Jackson, supra, and LeMaire, supra, and from the instant case.  Plaintiff claims herein in his
18  opposition that porters, apparently routinely, refuse to put wet floor caution signs out when
19  mopping in the wing at issue; plaintiff may be implying, without expressly stating it, that
20  defendant Brida was aware of this and remained deliberately indifferent to any risk that might
21  arise therefrom in not instructing the porters to comply with the prison rules regarding caution
22  signs.  However, within his complaint, plaintiff does not allege defendant Brida to have been
23  responsible beyond a single instance of failing to properly instruct the porters with respect to
24  caution signs from wet floors.

25       Although plaintiff has apparently and unfortunately suffered a painful, even
26  severe, injury from having slipped on the wet floor, such a single instance of failing to insure the

7

1  use of caution signs, which is all that is alleged in his complaint, is at worst an act of negligence
2  on the part of defendant Brida.  The court finds that plaintiff has failed to state a claim under the
3  Eighth Amendment for which relief may be granted.  Because the court finds that plaintiff has
4  failed to state a claim, the defendant's qualified immunity argument need not be reached.  The
5  complaint will be dismissed but plaintiff will be granted leave to amend.
6          Accordingly, IT IS ORDERED that defendant's motion to dismiss, filed on June
7  2, 2005 for failure to state a claim is granted, but without prejudice, and plaintiff is granted leave
8  to file an amended complaint within 30 days.
9          IT IS RECOMMENDED that defendant's June 2, 2005 motion to dismiss be
10 denied, to the extent that defendant seeks dismissal with prejudice.
11         These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
19 DATED: 1/31/06                                                                    /s/ Gregory G. Hollows

20                                                                                                   _____
                                                                                                     GREGORY G. HOLLOWS
                                                                                                     UNITED STATES MAGISTRATE JUDGE
21
   GGH:009
22 adam2474..mtd