IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ADAMS,

        Plaintiff,                   No. CIV S-04-2474 MCE GGH P

    vs.

TERESA SCHWARTZ , et al.,         ORDER

        Defendant.

_____/

<u>Introduction</u>

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before this court is plaintiff's motion for summary judgment, originally filed on April 12, 2006 (with a copy filed on April 21, 2006, hereby stricken as duplicative), to which defendant Brida filed an opposition, April 25, 2006.

        By <u>Order</u> filed on January 31, 2006, plaintiff was granted leave to file an amended complaint. Plaintiff filed an amended complaint on February 28, 2006, and another version thereof, on March 2, 2006. Defendants answered the amended complaint on March 21, 2006. The only difference the court can discern between the two versions of the amended complaint is that the latter contains one more page of exhibits; therefore, the undersigned will strike the earlier amended complaint as unnecessary.

Amended Complaint

In his amended complaint, plaintiff names Correctional Officer (C/O) Brida, employed at California Medical Facility (CMF)-Vacaville, as the defendant. Plaintiff states that defendant Brida, the correctional officer (C/O) assigned to wing H2 where plaintiff is housed, is responsible for making sure that porters assigned to clean and mop the floors put caution signs out at all times when the floors are wet from being mopped. First Amended Complaint (FAC), p. 2. On or about April 14, 2004, defendant Brida refused to perform his duties by failing to instruct the porters to place caution signs out while the floor was wet. Id. As a result, plaintiff slipped and fell, cracking his tailbone, injuring his back, kidneys, neck and head, and suffering severe pain. Id. Defendant Brida continues to refuse to enforce the rules regarding caution signs when floors are being mopped in H2 wing. Id.

Plaintiff has been provided a cervical collar by non-defendant Dr. Low to try to ease plaintiff's neck pain. FAC, p. 2, 8. Plaintiff includes exhibits to his amended complaint which he avers demonstrate that three facility doctors have confirmed that plaintiff has sustained serious injuries from his fall. FAC, pp. 3, 6-7.

Plaintiff seeks compensatory and punitive money damages, as well as any declaratory or injunctive relief found to be appropriate. FAC, p. 4.

Motion for Summary Judgment

Plaintiff has purported to file a motion for summary judgment; however, as defendant contends (Opp., p. 2), the motion is defective for its lack of compliance with Fed. R. Civ. P. 56, and E.D. Local Rule 56-260. Under Fed. R. Civ. P. 56(c), a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." As defendant observes, plaintiff has simply attached several unauthenticated documents to his two-page motion and has not thereby demonstrated that there remains no genuine issue as to any material fact in this case.

1 Moreover, Local Rule 56-260(a), requires a party moving for summary judgment to submit a statement of undisputed facts, enumerating "the specific material facts relied upon in support of the motion" and citing "the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact." Plaintiff has not set forth the undisputed facts as required. Because plaintiff's motion for summary judgment is insufficiently supported and is not filed in compliance with the applicable Federal Rules of Civil Procedure or the Local Rules, it must be disregarded and vacated from the court's calendar.

Accordingly, IT IS ORDERED that:

1. Plaintiff's amended complaint, filed on February 28, 2006, is stricken, and this matter proceeds on the amended complaint, filed in this court on March 2, 2006.

2. Plaintiff's duplicative motion for summary judgment motion, filed on April 21, 2006, is stricken; and

3. Plaintiff's defective motion for summary judgment, filed on April 12, 2006, is disregarded and vacated from the court's calendar.

DATED: 2/2/07                         /s/ Gregory G. Hollows

                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

GGH:009
adam2474.vac